**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RUSSELL SIMMONS, JR.,**

    Petitioner,

v.                                                             **Case No.: 8:18-cv-583-T-27AEP**
                                                           **Criminal Case No.: 8:12-cr-219-T-27AEP**

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

**BEFORE THE COURT** are Petitioner Simmons' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), Grounds of Arguments and Memorandum of Law (cv Dkt. 2), the United States' Response (cv Dkt. 6), Simmons' Reply (cv Dkt. 7), and his Court Ordered Response (cv Dkt. 17). Upon review, the § 2255 motion is **DENIED**.

**BACKGROUND**

In 2012, Simmons was indicted and charged with 32 counts related to a scheme to defraud the United States Treasury Department by filing fraudulent federal income tax returns and negotiating fraudulent tax refunds (cr Dkt. 1; cr Dkt. 44 at 16). He filed or caused the filing of approximately 120 false returns and received refunds worth $1,176,787 for the 2010 tax year. (cr Dkt. 44 at 21). He attempted to obtain $8.9 million in fraudulent refunds. (Id.). He pleaded guilty pursuant to a written plea agreement to wire fraud (Count One) and aggravated identity theft (Count Twenty-Four). (cr Dkts. 44, 102).

At the change of plea hearing, Simmons stipulated to the plea agreement's factual basis. (cr Dkt. 102 at 37-41; cr Dkt. 44 at 16-21). He also confirmed that he understood the charges

1

against him, had discussed his options with counsel, Stephen Crawford, and was fully satisfied with counsel's advice and representation. (cr Dkt. 102 at 9-11). He confirmed that no one had threatened or forced him to plead guilty and that he was not promised anything independent of the plea agreement. (Id. at 22). He acknowledged that, subject to a few exceptions, he waived his appellate rights,[1] and that by pleading guilty, he was giving up civil and constitutional rights, including the right to a jury trial. (Id. at 20-23, 31-33). He further acknowledged that he faced a maximum sentence of 20 years on Count One and a mandatory consecutive 24-month sentence on Count Twenty-Four. (Id. at 23-24). The Court found that he entered his plea knowingly, intelligently, and voluntarily, and he was adjudicated guilty. (Id. at 42-43; cr Dkts. 55, 59).

With a total offense level of 34 and a criminal history category of I, Simmons faced a guidelines range of 151-188 months. (cr Dkt. 113 ¶ 89). He objected to several paragraphs in his presentence investigation report (PSR) relating to the assets seized and enhancements based on the amount of loss, the production of an unauthorized access device, the number of victims, and the vulnerable status of the victims. (cr Dkt. 113 at 18-19).

---

[1] The plea agreement included a "Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence." (cr Dkt. 44 at 14). Simmons agreed

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed . . . then [he] is released from his waiver and may appeal the sentence . . . .

(Id. (emphasis in original)). At the change of plea hearing, the United States "agree[d] to strike the language relating to collateral challenge." (cr Dkt. 102 at 20).

At sentencing, Crawford argued that the Court should impose an enhancement based on actual loss in the amount of $1,890,660, rather than intended loss in the amount of $8.9 million, and challenged the United States' ability to calculate the amount. (cr Dkt. 105 at 6-7, 11-12). The United States called two witnesses to testify about the loss amount investigation and analysis. (Id. at 12-30). The Court found that the United States proved a loss exceeding $7 million to support a 20-level enhancement. (Id. at 33-36). Simmons' objection that the unauthorized device enhancement was inappropriate because the electronic filing of taxes "blends" the crime with the specific offense characteristic was overruled. (Id. at 36-37, 40-41). The Court also overruled his objection that the United States was the only victim, that other victims were deceased and therefore not vulnerable or elderly, and that the United States had not shown that the victims were elderly. (Id. at 41-44, 47, 52-57).

Simmons was sentenced to 156 months on Count One and a consecutive term of 24 months on Count Twenty-Four, followed by concurrent three-year terms of supervised release on both counts. (Id. at 76; cr Dkt. 67 at 2-3). The Court granted a subsequent motion to reduce the sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, reducing Simmons' sentence on Count One to 126 months. (cr Dkts. 80, 81). Simmons filed motions for additional reductions and the return of forfeited property, which were denied. (cr Dkts. 83, 87, 89, 90). His *pro se* appeal of their denial was dismissed for failure to prosecute. (cr Dkts. 91, 95).

Simmons also filed a *pro se* notice of appeal. (cr Dkt. 93). Crawford moved to withdraw, which was denied by the Eleventh Circuit. (cr Dkt. 96). Crawford then filed an *Anders* brief, *see Simmons v. United States*, No. 14-11335, 2015 WL 5996957 (11th Cir. Oct. 13, 2015), and a subsequent brief as directed by the Eleventh Circuit, *Simmons v. United States*, 2016 WL 4447161

3

(11th Cir. Aug. 22, 2016). The Eleventh Circuit found that imposition of the three-year term of supervised release on Count Twenty-Four was erroneous, and vacated Simmons' sentence "on Count Twenty-Four and remand[ed] for proceedings consistent with [the] opinion." (cr Dkt. 114); *United States v. Simmons*, 686 F. App'x 718 (11th Cir. 2017).

Geoffrey Cox represented Simmons on remand. (cr Dkts. 120, 121). At sentencing, he observed that if Simmons had been sentenced under the current guidelines relating to intended loss, he would have received two fewer levels, resulting in a 30-month difference in the guidelines range. (cr Dkt. 131 at 5-6). This Court noted that, however, based on the limited remand, it did not have jurisdiction to consider a request for a lower sentence on Count One in light of a nonretroactive change to the guidelines enhancement and even if it did, it would not impose a different sentence. (Id. at 9). Simmons was sentenced on Count Twenty-Four to a consecutive term of 24 months imprisonment followed by a one-year term of supervised release to run concurrently with the three-year term imposed on Count One. (Id.; cr Dkt. 122). He was also instructed to timely communicate to Cox his decision about an appeal. (cr Dkt. 131 at 12). He did not appeal following the sentencing on remand.

In his § 2255 motion, Simmons raises three grounds, contending that the district court lacked jurisdiction on the aggravated identity theft conviction, his constitutional rights were violated at the sentencing on remand, and Crawford and Cox were ineffective. (cv Dkts. 1, 2). The United States responds that the claims are without merit.[2] (cv Dkt. 6). This Court agrees.

---

[2] Simmons also filed a reply, essentially rearguing his contentions, claiming that the United States failed to address all of his arguments, misled the court, and requesting that his sentences on Counts One and Twenty Four be vacated. (cv Dkt. 7). This Court is mindful of its responsibility to address and resolve all claims raised in his motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

**DISCUSSION**

This Court had subject matter jurisdiction over Simmons' aggravated identity theft charge and did not violate his constitutional rights at the sentencing on remand. And Simmons has not established that Crawford or Cox were ineffective. He is therefore not entitled to relief.

*Ground One: Subject Matter Jurisdiction*

In Ground One, Simmons contends the Court "lack[ed] subject matter jurisdiction to convict [him] for aggravated identity theft." (cv Dkt. 1 at 4). Specifically, he argues that the offense of wire fraud under 18 U.S.C. § 1343 is not a qualifying predicate offense for a consecutive sentence under 18 U.S.C. § 1028A. (cv Dkt. 2 at 1). He also argues that Public Law 108-275, § 2(a) is "ambiguous" and unconstitutional because it criminalizes conduct that is "aggravating" or "annoying." (Id. at 1-2). In his reply, he invokes the rule of lenity and contends he did not waive or default his claim because it is jurisdictional in nature.[3] (cv Dkt. 7 at 2); *see also Howard v. United States*, 374 F.3d 1068, 1071 (11th Cir. 2004) ("[A] jurisdictional defect cannot be waived or procedurally defaulted[.]"). His contentions are without merit.

Title 18 U.S.C. § 3231 gives district courts subject matter jurisdiction over "all offenses against the laws of the United States," and an indictment that charges a federal crime establishes the district court's jurisdiction. *See Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir.

---

In its response, the United States includes affidavits from Crawford and Cox. (cv Dkts. 6-1, 6-2). To the extent their averments are refuted by Simmons' allegations, it is unnecessary to rely on the affidavits to resolve the motion, and an evidentiary hearing is not required because the § 2255 motion "and the files and records of the case conclusively show that [Simmons] is entitled to no relief." 28 U.S.C. § 2255(b).

[3] To explain his failure to raise the issue on direct appeal, he states that both Crawford and Cox refused to file his "Argument" on his behalf, in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (Id.). Notwithstanding, it is unnecessary to determine whether the claim is defaulted, since the United States does not contend that any claim is defaulted, and the claim is nonetheless without merit.

2000). As the United States observes, Count Twenty-Four's predicate offense was theft of government property, in violation of 18 U.S.C. § 641. (cv Dkt. 6 at 10; cr Dkt. 1 at 7; cr Dkt. 102 at 35). Felony violations of § 641 qualify as predicate offenses for aggravated identity theft. *See* 18 U.S.C. § 1028A(c)(1); *United States v. Wilson*, 788 F.3d 1298, 1311 (11th Cir. 2015). Moreover, it is of no consequence that Simmons was not convicted of the theft charge. *See, e.g.*, *United States v. Boone*, 477 F. App'x 99, 100 (4th Cir. 2012) ("Because the statutory text does not support [the defendant's] contention that there must be a conviction on the predicate felony offense, we must reject this argument.").

Second, contrary to Simmons' contention, 18 U.S.C. § 1028A does not criminalize conduct that is merely "annoying." Rather, to "prove a violation of 18 U.S.C. § 1028A, the evidence must establish that the defendant: (1) knowingly transferred, possessed, or used the means of identification of another person; (2) without lawful authority; (3) during and in relation to a felony enumerated in § 1028A(c)." *United States v. Lee*, 743 F. App'x 296, 299 (11th Cir. 2018). Simmons admitted to using personal identifying information of other individuals to submit fraudulent tax returns. (cr Dkt. 44 at 16-21). This conduct is not merely annoying, is sufficient to support his conviction, and, contrary to his assertions, did not constitute a "victimless crime." *See* (cv Dkt. 17 at 2). Accordingly, Ground One is due to be denied.

***Ground Two: Constitutional Violations During Sentencing on Remand***

In Ground Two, Simmons contends his Fifth, Sixth, and Fourteenth Amendment rights were violated at the sentencing on remand. (cv Dkt. 1 at 5). He first reasons that because the Eleventh Circuit vacated his sentences on Counts One and Twenty-Four, a new PSR should have been prepared to incorporate the amended guideline relating to loss, which would have resulted in

a different guidelines range. (cv Dkt. 2 at 2). He further contends that because the actual loss was $1,890,660 and the intended loss was $8,900,000, the Court should have applied U.S.S.G. Amendment 791 to his base offense, and not the six-level enhancement under U.S.S.G. § 2B1.1(b)(2)(C). (Id. at 3).[4]

As the United States correctly observes, the remand was limited. The Eleventh Circuit "vacate[d] the sentence on Count 24 and remand[ed] for proceedings consistent with [the] opinion." (cv Dkt. 6 at 11; cr Dkt. 114 at 2). This Court on remand noted that, based on the mandate, it did not have jurisdiction to consider a request for a lower sentence on Count One based on a nonretroactive amendment to the guidelines enhancement and that, even if it did, it would not impose a different sentence. (cr Dkt. 131 at 9); *see United States v. Tamayo*, 80 F.3d 1514, 1519 (11th Cir. 1996) (applying law of the case doctrine where "[a]lthough [the defendant's] original sentence was vacated, clearly the entire sentencing package was not to be revisited on remand because the [appellate court] limited his resentencing to" a separate issue).

Simmons next contends the Court should not have determined that his crimes involved 250 or more victims, resulting in a six-level increase under U.S.S.G. § 2B1.1(b)(2)(C), since an agent at the sentencing testified that he had only interviewed nine individuals. (cv Dkt. 2 at 2). As with his first argument, this Court lacked jurisdiction to reconsider this issue on Count One based on the limited remand. In any event, the claim is without merit, since the agents' testimony supported

---

[4] The wire fraud conviction carried a base offense level of 7, with a 20-level increase because the intended loss exceeded $7 million. (cr Dkt. 113 ¶¶ 30-31). Amendment 791, which increased the amount of loss required to trigger certain offense level enhancements, became effective in 2015, after Simmons' initial sentencing. *See* U.S.S.G. App. C., Amend. 791 (2016). As courts have found, there is no indication the amendment was intended to apply retroactively. *See, e.g.*, *Pestana v. United States*, No. 16-21849-CV-UNGARO, 2017 WL 2805184, at *10 (S.D. Fla. June 2, 2017); *see also United States v. Conaway*, 535 F. App'x 898, 900 (11th Cir. 2013) ("To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in § 1B1.10(c)).

a finding that Simmons' crime involved 250 or more victims. They testified that personal identifying information of between 300 to 500 individuals was found in a notebook inside Simmons' business, and that tax returns using the personal information of more than 250 individuals were filed from two IP addresses associated with Simmons. (cr Dkt. 105 at 14-16, 26). Additionally, the guidelines define a victim in a case involving means of identification as "any individual whose means of identification was used unlawfully or without authority." U.S.S.G. §2B1.1, cmt. n.4(E); *see also Pestana*, 2017 WL 2805184 at * 11. The Eleventh Circuit has found that this includes deceased individuals. *See United States v. Philidor*, 717 F.3d 883, 886 (11th Cir. 2013).

The sentencing enhancements were therefore correctly applied. His due process rights were not violated and he is not entitled to an evidentiary hearing on these sentencing issues on Count One. And in any event, as to each of his contentions, Simmons provides no authority finding that such purported sentencing errors constitute a constitutional violation entitling a petitioner to relief in a collateral proceeding. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Accordingly, Ground Two is due to be denied.[5]

*Ground Three: Ineffective Assistance of Counsel*

In Ground Three, Simmons contends that Crawford and Cox were ineffective. (cv Dkt. 1 at 7). To establish ineffective assistance of counsel, he must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v.*

---

[5] In a footnote, Simmons contends that his sentence on the aggravated identity theft conviction is illegal because the Court could only impose a sentence of 24 months of imprisonment without supervised release. (cv Dkt. 2 at 3 n.5); *see also* (cv Dkt. 7 at 6 (arguing ineffective assistance of counsel for failure to raise argument)). As the Eleventh Circuit noted, however, the statutory maximum term of supervised release is one year. (cr Dkt. 114 at 2); *see also* 18 U.S.C. § 3583(b); 18 U.S.C. § 1028A(a)(1) and (b)(2); 18 U.S.C. § 3559(a)(5).

*Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

The *Strickland* test also applies to challenges of guilty pleas. *See Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009). The Eleventh Circuit explains:

> In this context, the first prong of *Strickland* requires the defendant to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases. The second prong focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process, meaning the defendant must show a reasonable probability that, but for counsel's errors, he would have entered a different plea.

*Id.* (internal quotation marks and citations omitted); *Lafler v. Cooper*, 566 U.S. 156 (2012).

Notably, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial," and "need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel must make an "independent examination of the facts, circumstances, pleadings and laws involved, [and] offer his informed opinion as to the best course to be followed in protecting the interests of the client." *Id.* Collateral relief is only available if a petitioner "prove[s] serious

derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Lopez v. Reid*, No. 2:14-CV-584-FtM-38-MRM, 2017 WL 2869405, at *2 (M.D. Fla. July 5, 2017) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

Because Simmons cannot show deficient performance by Crawford or Cox, or any resulting prejudice, his ineffective assistance of counsel claims fail.

I. Crawford's Assistance

Simmons contends that Crawford was ineffective in failing to:

1) File a motion to suppress based on an illegal search and seizure at his residence and office;
2) File a document contending that the Court lacked subject matter jurisdiction to convict for aggravated identity theft; and
3) Object to the PSR's application of a six-level enhancement under § 2B1.1(b)(2)(C).

(cv Dkt. 2 at 4; cv Dkt. 7 at 6-7). These contentions are without merit.

First, as the United States correctly contends, by pleading guilty Simmons waived claims of pre-plea ineffective assistance of counsel, including that counsel was ineffective in failing to file a motion to suppress. (cv Dkt. 6 at 15); *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979).[6] Moreover, he fails to specify or support with factual detail the basis for a motion to suppress, or any prejudice he has suffered.

Second, as discussed, this Court had jurisdiction over the aggravated identity theft offense.

---

[6] Simmons does not assert that his guilty plea was unknowing or involuntary. Even if he did, the Rule 11 colloquy demonstrates that he entered the plea knowingly, intelligently, and voluntarily. Indeed, "[t]here is a strong presumption that statements made during the plea colloquy are true," and he "bears a heavy burden to show that his statements under oath were false." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007). At the change of plea hearing, he confirmed that he understood the charges to which he was pleading guilty and that he was not forced, coerced, or promised anything independent of the plea agreement. (cr Dkt. 102 at 9-11, 22). He further acknowledged that he was waiving constitutional rights, including his right to a jury trial and "any objections as to how the charges were brought against [him] or as to how the evidence in [his] case was gathered[.]" (Id. at 33).

*See Alikhani*, 200 F.3d at 734-35. Counsel is not ineffective in failing to raise an argument that has no legal basis. *Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

Third, contrary to Simmons' assertions, Crawford did object to the assessment of the six-level enhancement under § 2B1.1(b)(2)(C), both prior to and at sentencing. (cr Dkt. 113 at 19; cr Dkt. 105 at 41-43). He also challenged the PSR's calculations based on intended loss rather than actual loss and the United States' proof of the amount of loss. (cr Dkt. 105 at 6-7, 9, 11-12). The Court overruled the objections. Accordingly, Simmons is unable to establish that Crawford's performance was deficient or that he suffered prejudice, and Ground Three as to Crawford fails.[7]

II. Cox' Assistance

Simmons contends that Cox was ineffective in failing to:

1) Argue on appeal that the Court lacked subject matter jurisdiction to convict him for aggravated identity theft;
2) Argue on appeal that the Court violated his constitutional rights during the sentencing on

---

[7] Simmons does not expressly contend that Crawford was ineffective in failing to file a notice of appeal. Indeed, Simmons filed a timely notice. (cv Dkt. 93). After the Eleventh Circuit directed Crawford to brief the supervised release issue, Crawford responded to a letter from Simmons relating to other possible arguments. (cv Dkt. 7 at 10-11). Crawford explained that,

> [w]ith respect to challenging the enhancements under the sentencing guidelines, please be advised that I do not believe there is a legally sufficient reason to challenge any of the enhancements. I am unaware of any recent case law that will enable us to pose a legal argument. If you feel otherwise, please let me know. With respect to your assertion that there is a new "loss amount" and that the guidelines have changed, while you may be correct please be advised this is not an appellate issue. . . . If your case is sent back . . . for resentencing . . . I will try and convince the judge to readdress the original sentence of incarceration. However, since the appellate opinion will not have disturbed that original sentence I doubt [the Court] will grant our request. I will make the effort if we get to that point.

(Id. at 10). As discussed, the arguments Simmons wanted raised were without merit, and "[a]ppellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). On appeal, Crawford nonetheless requested that Simmons receive a plenary resentencing. *See Simmons*, 2016 WL 4447161, at *9; *see also Simmons v. United States*, 14-11335, 2016 WL 7011657 (11th Cir. Nov. 29, 2016).

       remand;
3) File a motion relating to the amendment to U.S.S.G. § 2B1.1(b)(1).
4) File a motion relating to the lack of evidence regarding the number of victims to support an enhancement under U.S.S.G. § 2B1.1(b)(2)(C); and
5) File an appeal as to the lack of subject matter jurisdiction, the constitutional violations at the sentencing, and Crawford's ineffective assistance.

(cv Dkt. 2 at 4-5; Dkt. 7 at 7). He also asserts that he requested Cox to file an appeal. (cv Dkt. 2 at 5). These contentions are without merit.

      First, Simmons has not shown deficient performance or prejudice resulting from any claimed deficient performance, specifically from Cox' failure to file a motion relating to the enhancements based on the amount of loss or number of victims. At sentencing, both Cox and Simmons addressed the amendment to the amount of loss enhancement, but as noted, this Court found that it lacked jurisdiction and that a reduction was unwarranted. (cr Dkt. 131 at 5-6). Second, his contention that the enhancement based on the number of victims was incorrectly applied was beyond the scope of the limited remand and, in any event, without merit. *See Freeman*, 536 F.3d at 1233. And as noted, the contention that the Court lacked subject matter jurisdiction over the aggravated identity theft offense was without merit. And as to Cox' failure to raise Crawford's ineffective assistance on appeal, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.'" *United States v. Patterson*, 595 F.3d 1324, 1328-29 (11th Cir. 2010) (citation omitted). Indeed, Simmons was able to raise his ineffective assistance of counsel claim in this proceeding.

      To the extent Simmons contends that Cox was ineffective in failing to pursue an appeal, it is true that an attorney's failure to file a notice of appeal as requested by a defendant constitutes deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). However, if a defendant

12

does not instruct counsel to file a notice of appeal or ask that an appeal not be taken, a court must determine whether counsel "consulted" with the defendant about an appeal. *Id.* at 478. This means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Relevant factors include whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, and "whether the plea [agreement] expressly . . . waived some or all appeal rights." *Id*.

Here, there are several factors suggesting that Cox had no duty to consult with Simmons about an appeal. First, Simmons' sentence on Count Twenty Four was mandated by statute and the term of supervised release was corrected. Second, he points to no nonfrivolous grounds for appeal. Moreover, he pleaded guilty, and his plea agreement included a broad appeal waiver and an appeal would have been further limited by the scope of remand. *See United States v. George*, 752 F. App'x 816, 821 (11th Cir. 2018). And apart from his conclusory assertion that Cox refused to pursue an appeal, there is no indication that Simmons reasonably demonstrated an interest in appealing.[8]

The United States also contends that Simmons does not establish that "he specifically asked

---

[8] Counsel avers that after the sentencing he explained that Simmons could appeal the sentence and that Simmons did not ask counsel to file a notice of appeal. (cv Dkt. 6-2 ¶ 6). To the extent this presents a factual dispute with Simmons' allegations, it is unnecessary to rely on counsel's affidavit to resolve the motion.

counsel to file a notice of appeal or that counsel failed to consult with him about an appeal," and he "does not provide support for his conclusory notice of appeal claim." (cv Dkt. 6 at 19). Indeed, in his memorandum of law, Simmons merely asserts that he "requested" that an appeal be filed, and that Cox "refuse[d] and abandon[ed]" the discussed issues. (cv Dkt. 2 at 5; *see also* cv Dkt. 7 at 8).

Rather than support Simmons' claim of ineffective assistance of counsel, this assertion suggests that he and Cox did discuss the possibility and the merits of an appeal. Notably, Simmons does not allege that, following his discussions with counsel, he insisted on counsel filing a notice of appeal despite counsel's judgment that any appeal would be without merit. As noted, the claims Simmons wanted raised were, in any event, without merit. And as the United States observes, if Simmons intended to pursue an appeal, he had the ability to file a notice of appeal as shown by his prior *pro se* notices of appeal. (cv Dkt. 6 at 16).

Ultimately, Simmons provides no detail to support his conclusory assertions, including the nature of his request and Cox' alleged refusal. To be entitled to an evidentiary hearing, a petitioner must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief," *see Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017), and a "hearing is not required on . . . claims . . . which are based upon unsupported generalizations." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989); *see also Saunders v. United States*, 278 F. App'x 976, 979 (11th Cir. 2008). Accordingly, since he alleges that he requested Cox to file an appeal, but did not provide factual support or context, Simmons was directed to file an affidavit setting forth all discussions and attempted discussions he had with Cox regarding an appeal. (cv Dkt. 12 at 3). He was further directed to explain what action he took, if any, upon receiving any notice from Cox

14

that he believed an appeal would be without merit. (Id.). And he was directed to explain how and when he learned that counsel had not filed an appeal as requested. (Id.). He was advised that he was free to include any additional factual support that may be relevant to his claim, and that failure to respond to the order "as directed" may be construed as abandonment of the claim. (Id.).

Subsequent to this directive, Simmons filed two motions to continue, which were granted. (cv Dkts. 13, 14, 15, 16). In his response, although he reasserted his ineffective assistance claims, namely as it relates to the Court's subject matter jurisdiction, (cv Dkt. 17), he did not file an affidavit addressing the issues as directed. Indeed, although he "re-alleges Grounds #1 thru #3 in his June 2018 Reply brief" and attaches his reply, he does not specifically address Cox' failure to pursue an appeal, despite being informed that failure to respond to the Court's order as directed may be construed as abandonment of the claim. (Id. at 2; cv Dkt. 17-1; cv Dkt. 12 at 3).

Accordingly, since Simmons did not elaborate on his discussions with counsel as directed, his unsupported statement that he requested Cox to pursue an appeal does not warrant an evidentiary hearing. And given Simmons' conclusory allegations that fail to establish ineffective assistance of counsel and his failure to develop the record despite being warned of the consequences of failing to respond as directed, the claim that Cox refused Simmons' request to pursue an appeal is due to be denied.[9] Simmons is therefore not entitled to relief on Ground Three.

---

[9] Courts in this Circuit have denied relief based in part on a petitioner's failure to provide an affidavit as directed. *See, e.g.*, *United States v. Clark*, No. 4:14CR75/MW/CAS, 2018 WL 1096462, at *5 (N.D. Fla. Jan. 29, 2018), *report and recommendation adopted*, No. 4:14CR75-MW/CAS, 2018 WL 1100880 (N.D. Fla. Feb. 28, 2018) ("Given [the petitioner's] lack of response to the court order, as well as the lack of even the most minimal factual support for his assertions, the court finds that neither relief nor an evidentiary hearing is warranted."); *United States v. Simmons*, No. 4:15CR48/MW/GRJ-7, 2018 WL 3543847, at *5-6 (N.D. Fla. June 6, 2018), *report and recommendation adopted*, No. 4:15CR48-MW/GRJ-7, 2018 WL 3546361 (N.D. Fla. July 22, 2018) ("[T]he Court has no difficulty concluding that Petitioner's bare assertion that counsel failed to file an appeal as directed falls well short of establishing entitlement to an evidentiary hearing."); *see also Equity Lifestyle Properties, Inc. v. Fla. Mowing And*

15

*Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires Simmons to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(2). Because Simmons cannot meet this standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Simmons' § 2255 motion is **DENIED**. The Clerk is directed to enter judgment in favor of the United States and against Simmons, and to close the case.

**DONE AND ORDERED** this 4th day of June, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

---

*Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.").

While Simmons did file a response, it nonetheless does not comply with the Court's instructions. However, even if this noncompliance is not construed as an abandonment of the claim, Simmons' allegations are insufficient to entitle him to relief or an evidentiary hearing.